IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| KEITH DEWITT DAVIS (46841-424), | ) |
| | ) |
| Plaintiff, | ) Case No. 21 C 0995 |
| | ) |
| v. | ) |
| | ) Hon. Manish S. Shah |
| OFFICER R. GREER, | ) |
| | ) |
| Defendant. | ) |

**ORDER**

Defendant's motion to cite additional authority [29] is granted. Defendant's motion to dismiss [21] is granted. The *Bivens* claim is dismissed with prejudice because it fails to state a claim. Enter judgment and terminate civil case. This dismissal is without prejudice to Plaintiff filing a new suit against the United States under the Federal Tort Claims Act (subject to the pursuit and exhaustion of administrative remedies). Plaintiff's motion for attorney representation [27] is denied as moot.

**STATEMENT**

Keith Dewitt Davis, who is currently a federal prisoner, initiated this *pro se* civil rights action under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), regarding his pre-trial detention at the Metropolitan Correctional Center in Chicago. The Court screened Plaintiff's complaint and allowed him to proceed with a due process claim that Correctional Officer Greer used excessive force against him during an altercation at the MCC on December 7, 2020. (Dkt. 9.) (Because Plaintiff was then a pretrial detainee, his constitutional right to be free from the use of excessive force came from the due process clause. *Hardeman v. Curran*, 933 F.3d 816, 823 (7th Cir. 2019); *Kingsley v. Hendrickson*, 576 U.S. 389, 398 (2015).) In allowing the claim to proceed, the Court noted that it was presuming for screening purposes that Plaintiff had a remedy for his excessive force claim under *Bivens, see generally Ziglar*. (*Id.*)

Now before the Court is Defendant's motion to dismiss under *Ziglar v. Abbasi*, 137 S. Ct. 1843 (2017) (urging lower courts to use caution before extending a *Bivens* remedy to any new context). (Dkt. 21.) Defendant argues that *Bivens* does not provide a remedy for Plaintiff's claim. (*Id.*)

1

A motion under Rule 12(b)(6) challenges the sufficiency of the complaint. *See Hallinan v. Fraternal Order of Police of Chi. Lodge No. 7*, 570 F.3d 811, 820 (7th Cir. 2009). The Court "must determine whether the complaint states 'a claim to relief that is plausible on its face.'" *Gill v. City of Milwaukee,* 850 F.3d 335, 339 (7th Cir. 2017) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In so doing, the Court accepts Plaintiff's factual allegations as true and draws reasonable inferences in his favor. *Taylor v. JPMorgan Chase Bank*, 958 F.3d 556, 562 (7th Cir. 2020).

Under *Bivens*, a federal official can be sued for damages for an unreasonable search and seizure in violation of the Fourth Amendment. *Bivens*, 403 U.S. at 397. The Supreme Court has since recognized an implied cause of action under *Bivens* in two other types of cases: (1) Fifth Amendment gender discrimination, *Davis v. Passman*, 442 U.S. 228, 248– 49 (1979); and (2) Eighth Amendment deliberate indifference to serious medical needs, *Carlson v. Green*, 446 U.S. 14, 19 (1980). The Supreme Court clarified in *Ziglar v. Abbasi,* 137 S. Ct. 1843, 1855 (2017), that "[t]hese three cases—*Bivens*, *Davis*, and *Carlson*—represent the only instances in which the Court has approved of an implied damages remedy under the Constitution itself" and cautioned against expansion of a *Bivens* remedy in a new context.

More recently, the Supreme Court again limited (under most circumstances) further expansion of *Bivens* liability. *See Egbert v. Boule*, No. 21-147, 2022 WL 2056291 (U.S. June 8, 2022); *see id.* at *11 ("[I]f we were called to decide *Bivens* today, we would decline to discover any implied causes of action in the Constitution."). *Egbert* explains that the threshold inquiry resolves "to a single question: whether there is any reason to think that Congress might be better equipped to create a damages remedy." *Egbert*, No. 21-147, 2022 WL 2056291, at *6. Courts may not imply a cause of action under *Bivens* "if Congress already has provided, or has authorized the Executive to provide, 'an alternative remedial structure.'" *Egbert*, No. 21-147, 2022 WL 2056291, at *6 (quoting *Ziglar*, 582 U.S. at __(slip op., at 14)). If an alternative remedial structure is in place, "'that alone,' like any special factor, is reason enough to 'limit the power of the Judiciary to infer a new *Bivens* cause of action.'" *Id*. This is true even if the remedial structure that exists does not provide complete relief. *Id.* "So long as Congress or the Executive has created a remedial process that it finds sufficient to secure an adequate level of deterrence, the courts cannot second-guess that calibration by superimposing a *Bivens* remedy." *Id.*

In *Egbert*, no Fourth Amendment claim of excessive force against a border patrol agent could be brought under *Bivens*. *Id., *at *8. Congress provided alternative remedies for the alleged excessive force. *Id*. Plaintiff here likewise does

not have a remedy through *Bivens* for his claim. A due process claim for excessive force would be an extension of *Bivens,* but Congress has already created a remedial process for such a claim. First, the MCC has an administrative grievance process, and Plaintiff alleged that he used that process. (Dkt. 9, pg. 2; Dkt. 10, pg. 10-13.) This alone is sufficient to bar a *Bivens* action. *Egbert,* No. 21-147, 2022 WL 2056291, at *8. In addition, Congress created another remedial process: Plaintiff could bring a claim under the Federal Tort Claims Act to redress the correctional officer's conduct. *See* 28 U.S.C § 2675(a). These remedial processes demonstrate that Congress and the Executive are better equipped to create a damages remedy, and thus no *Bivens* action can be judicially created.

The Court dismisses Plaintiff's complaint with prejudice as to the *Bivens* claim (the only claim against the only defendant before the court, defendant Greer). This dismissal is without prejudice to Plaintiff bringing suit against the United States under the FTCA. Before a plaintiff may bring an FTCA claim, he must "have first presented the claim to the appropriate Federal agency" and received a final written denial from that agency. 28 U.S.C. § 2675(a). A claimant "presents" his claim by submitting an executed administrative claim (SF-95). 28 C.F.R. § 14.2(a). The United States is the only proper defendant in a FTCA suit. *Jackson v. Kotter,* 541 F.3d 688, 693 (7th Cir. 2008).

If Plaintiff wishes to appeal, he must file a notice of appeal with this Court within sixty days of the entry of judgment. *See* Fed. R. App. P. 4(a)(1)(B). If Plaintiff appeals, he will have to pay the $505.00 appellate filing fee regardless of the appeal's outcome. *See Evans v. Ill. Dep't of Corr.*, 150 F.3d 810, 812 (7th Cir. 1998). If Plaintiff seeks leave to proceed *in forma pauperis* on appeal, he must file a motion for leave to proceed *in forma pauperis* in this Court stating the issues he intends to present on appeal. *See* Fed. R. App. P. 24(a)(1).

ENTER:

Date: July 6, 2022

Manish S. Shah
U.S. District Judge